**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOE ABBOTT, | No. 14-15599 |
| Plaintiff - Appellee, | D.C. No. 5:11-cv-00183-LHK |
| v. | |
| E. TOOTELL, Doctor; J. GRANT, Doctor, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Defendants Drs. Grant and Tootell appeal from the district court's denial of

their motion for summary judgment on the ground of qualified immunity. We

have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1291. *Mitchell*

*v. Forsyth*, 472 U.S. 511, 526-27 (1985). We review de novo the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

ruling on qualified immunity, *George v. Edholm*, 752 F.3d 1206, 1214 (9th Cir. 2014), and we affirm.

The district court properly denied summary judgment to defendants Grant and Tootell on Abbott's Eighth Amendment deliberate indifference claim because Abbott raised a genuine dispute of material fact as to whether defendants acted with deliberate indifference to his shoulder pain. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to establish an Eighth Amendment claim, a prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Moreover, the law was clearly established at the time of defendants' conduct that knowledge and conscious disregard of "an excessive risk to inmate health" violates the Eighth Amendment. *Id.*; *see also Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080, 2083 (2011) (setting forth qualified immunity test and recognizing that a clearly established right does "not require a case directly on point").

**AFFIRMED.**

14-15599